IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MUSHTAQ and ARIF KHAN, for themselves
and as parents and next friend of
ABDUL QAYYUM KHAN, a minor child,

      Plaintiffs,

-vs-

ALBUQUERQUE PUBLIC SCHOOLS,
THE ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION and BRAD WINTER,
in his individual and official capacity,

      Defendants.

03 JAN 24 PM 3:55

CIV-03-0118 WPJ RLP

## COMPLAINT FOR DAMAGES BECAUSE OF DISCRIMINATION AND VIOLATION OF LAW ENSURING RIGHTS OF STUDENTS WITH DISABILITIES

### I. INTRODUCTION

1.    This is a complaint for damages based on personal physical injuries due to discrimination on the basis of disability in violation of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (Section 504).

### II. JURISDICTION & VENUE

2.    This Court has jurisdiction over this action pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 USC §12132, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 USC §794a(a)(2). All acts complained of occurred in the County of Bernalillo, State of New Mexico.

### III. PARTIES

3.    Mushtaq and Arif Khan are the parents of Abdul Qayyum Khan and residents of

Bernalillo County, New Mexico. Abdul Qayyum Khan is a minor child who resides with his parents, Mustaq and Arif Khan, and who, at all material times, has been a student who attends La Cueva High School in the Albuquerque Public Schools District. At all material times, he has been a student who qualified for receipt of special education services on the basis of disability.

4. Abdul Qayyum Khan is 15 years old and presently in the 10th grade at La Cueva High School. Last school year, 2001-2002 school year, he entered high school at La Cueva as a 9th grader.

5. At all material times, Abdul Qayyum Khan has qualified for receipt of special education as a student with a disability in the category of emotional disturbance and, under state law, as a student who is gifted. In the past, he had received Section 504 accommodations pursuant to a "504 plan" necessitated by onset of leukemia and ongoing treatment and recovery. In 8th grade, he was hospitalized for approximately two months for depression, onset of which has been linked to his having suffered from leukemia and endured difficult treatment and extensive anxiety as result.

6. Albuquerque Public Schools (APS or the District) is a local public school district organized pursuant to the laws of the State of New Mexico. Albuquerque Public Schools receives federal and state funds for delivery of special education services to its students who qualify on the basis of disability. It is located within the County of Bernalillo, state of New Mexico. Pursuant to state statute, NMSA §22-5-4(I), the Albuquerque Public School Board of Education is the entity to be named for purpose of law suit.

7. Brad Winter, at all material times, has been an Assistant Principal at La Cueva High School and an employee of the District. He is named individually and in his official capacity.

2

## 1V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.  On May 1, 2002, Plaintiffs filed a Request for Due Process against Albuquerque Public Schools with the New Mexico State Department of Education concerning IDEA and Section 504 claims. That matter was settled as to the IDEA claims with agreement that exhaustion was accomplished for all purposes and that Plaintiff did not settle or waive claims pursuant to Section 504.

## V. FACTUAL ALLEGATIONS

9.  La Cueva High School is located at 7801 Wilshire NE in the far Northeast Heights neighborhood of Albuquerque, New Mexico. It is the newest and most affluent high school in the District. It routinely posts among the highest scores of the District's high schools on districtwide testing.

10.  On November 8, 2001, Abdul Qayyum was suspended for three days for alleged verbal threats to another student. A Behavioral Intervention Plan ("BIP") was added to his IEP on November 13, 2001. It provided that the behavior of concern was "making inappropriate verbal statements to peers (threats and insults)." The desired outcome was "seek adult help with peer conflicts." The interventions and strategies to be used included: "When Abdul feels insulted or threatened by others, **he will seek out Dr. Winter** or school counselor for mediation."

11.  On or about January 28, 2002, Abdul Qayyum was assaulted in the "A" Hall of La Cueva High School after 6th period by a La Cueva high school student he did not know. Dozens of students were present in the hallway and observed the incident. He suffered physical and emotional injuries.

12.  Abdul Qayyum made an oral report to a school counselor on the following day, and at some time subsequent provided the name of the student he believed to have been the

assailant. Arif Khan, his mother, also reported the incident to a school counselor. Nothing was done to investigate, identify and discipline the assailant because of Defendants' deliberate indifference to the rights of Abdul Qayyum.

13. Two days after the assault, on or about January 30, Mushtaq Khan met with Dr. Winter who said he would investigate. Dr. Winter took no action to investigate, identify or discipline the assailant although he was the assistant principal assigned to Abdul Qayyum and had been specifically identified in the BIP as the administrator from whom Abdul Qayyum should seek help because of his deliberate indifference to the rights of Abdul Qayyum.

14. Arif and Mushtaq Khan's actions and advocacy on behalf of their son at La Cueva at all material times constitute acts and advocacy on behalf of a person with disability such that they are protected from retaliation under Section 504.

15. On January 31, 2002, Abdul Qayyum signed a La Cueva security incident report about the assault. Again, nothing was done to investigate, identify and discipline the assailant. In contravention of policy, the physical assault on Abdul Qayyum was not reported to the Albuquerque Police Department.

16. Several days after the attack, when APS was taking no steps to investigate, identify and discipline the assailant, Abdul Qayyum was distraught and in fear for his own safety. To protect himself, he attached a piece of a razor blade to a piece of a plastic ruler during an art class. Upon reconsidering his actions, he gave the ruler to another student ("second student") to get rid of it. The second student, instead, kept it in his back pack.

17. On February 7, 2002, Adbul Qayyum and the second student were with a third student at lunch on the La Cueva campus when the third student set fire to a trash can.

18. On February 7, 2002, Abdul Qayyum was arrested and handcuffed at La Cueva,

transported to the Juvenile Detention Center and charged with arson and "interference with public officials or general public." The second student, who also had disabilities, was also arrested, handcuffed and transported to the Juvenile Detention Center. The third student, who had no disability and upon information and belief, had high test scores and grades, and who actually set the fire, was not arrested, handcuffed or transported to the Juvenile Detention Center. Upon information and belief, he was never charged with any crime. Defendants protected the non-disabled "third student" from police interrogation until such time as his parents arrived. Defendants would not do the same for Abdul Qayyum who was interrogated before the arrival of his parents.

19. Defendants had called the Albuquerque Police Department to have Abdul Qayyum arrested. Defendants failed to intervene to request removal of handcuffs or halt arrest even after Mr. and Mrs. Khan arrived at the school. Defendants treated Abdul Qayyum differently and with deliberate indifference on the basis of disability.

20. Abdul Qayyum was in handcuffs for one and one-half to two hours. During this time, he suffered emotional injury. Mushtaq and Arif Khan were present and observed their son in handcuffs and his suffering. They suffered emotional distress as result. The manner in which Abdul Qayyum was treated in front of his parents constitutes retaliation against Mushtaq and Arif Khan for their previous and ongoing advocacy for their son as a person with a disability.

21. Abdul Qayyum was arrested, transported to and fingerprinted at Juvenile Detention Center, and charged, while the non-disabled student who set the fire suffered no consequences. This disparity in treatment was initiated and controlled by Defendants based on discrimination against Abdul Qayyum on the basis of disability.

22. On approximately March 2, 2002, Abdul Qayyum was threatened by

another student during Art class at La Cueva. At Dr. Winter's direction, Abdul Qayyum was searched for weapons and the non-disabled student who threatened him was not searched or disciplined. Dr. Winter chose to speak only with the non-disabled student in conducting his "investigation" of the incident until Mr. Khan requested that his son be interviewed as well.

23. Adbul Qayyum routinely suffered verbal assault on the basis of disability from non-disabled peers at La Cueva High School throughout the 2001-2002 school year. Students routinely taunted him by saying that he needed to be "back in the mental hospital" and similar comments threatening him and challenging his right to receive public education at La Cueva High School. The comments were ongoing, severe and pervasive. Defendants knew of these incidents and the ongoing harassment based on disability experienced by Adbul Qayyum. Defendants had a continuing policy of deliberate indifference to the rights of Abdul Qayyum to receive public education free from harassment based on disability discrimination.

24. La Cueva High School historically has subjected students with disabilities to discrimination on the basis of disability and has allowed disability harassment to occur. Defendants knew of this longstanding pattern and practice.

25. Abdul Qayyum experienced ongoing disability harassment during the 2001-2002 school year at La Cueva High School which was part of the pattern and practice of disability harassment sanctioned at that school. This pattern of practice was known to Defendants who were deliberately indifferent to the rights of students with disabilities to receive public education free from discrimination based on disability. Dr. Winter, a vice-principal and an administrator within the District, participated in the intentional harassment of Abdul Qayyum as a student with a disability.

26. Defendants' actions and inactions created a hostile and abusive environment which

materially changed and interfered with Abdul Qayyum's ability to receive an education.

27. Abdul Qayyum suffered ongoing mental and emotional injury as result of the hostile atmosphere at La Cueva High school which was the result of Defendants' discrimination against Abdul Qayyum on the basis of disability.

28. All acts and refusals to act were done under color of state law and were the result of official policy or custom of the Albuquerque Public Schools,

29. At all material times, APS has not had a disability harassment policy. Specific guidance was issued by the United States Department of Education, Special Education Programming (OSEP), in the summer of 2000, advising public schools of the necessity of an enforced disability harassment policy, staff and student training and implementation of a policy to prevent and stop disability harassment. Despite this mandate, the District has refused to write or implement a policy prohibiting disability harassment and has failed and refused to adequately train its staff and students. Its failure and refusal to have a disability harassment policy has resulted in direct harm and injury to Plaintiff Abdul Qayyum Khan. Defendants' failure to train APS employees as to the District's legal responsibility to provide public education to students with disabilities that is free from discrimination based on disability has resulted in direct harm and injury to Plaintiff Adbul Qayyum Khan.

30. Defendants' failure to write and implement a disability harassment policy during the 2001-2002 school year led to La Cueva's discriminatory treatment of Abdul Qayyum and caused Abdul Qayyum to suffer disciplinary action disproportionate to and inconsistent with the discipline meted non-disabled students which was more lenient.

31. Defendants' failure to write and implement a disability harassment policy during the 2001-2002 school year led to a hostile environment for Abdul Qayyum based on disability

discrimination.

32. Defendants intentionally discriminated against Plaintiffs on the basis of disability by the intentional actions, refusals to act, and deliberate indifference of and retaliation by all Defendants as described in this complaint.

33. As result of Defendants' actions and refusal to act as described in this Complaint, Plaintiffs Mushtaq and Arif Khan suffered damages including emotional distress, pain and suffering and non-medical expense. As result of Defendants' actions and refusals to act as described in this Complaint, Plaintiff Abdul Qayyum Khan sustained physical and emotional injuries including medical expense, emotional distress and pain and suffering.

34. Defendants' actions and refusals to act as set out in this Complaint were reckless, intentional, willful, wanton, malicious, done in reckless disregard of Plaintiffs' rights and in bad faith or with gross misjudgment. Defendants' conduct was extreme and outrageous under the circumstances and they acted intentionally or recklessly. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress and as a proximate result of Defendants' actions, Plaintiffs have suffered physical and emotional injuries including severe emotional distress.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

35. Defendants' actions as set out in this Complaint constitute violations of the Americans with Disabilities Act (ADA), Title II including but not limited to discrimination, hostile environment and retaliation.

### SECOND CLAIM FOR RELIEF

36. Defendants' actions as set out in this Complaint constitute violation of Section Section 504 of the Rehabilitation Act including but not limited to discrimination, hostile

environment and retaliation.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Grant trial by jury as to all matters in this Complaint;

2. Grant judgment in Plaintiffs' favor against Defendants and award damages, including punitive damages, in an amount to be determined at trial;

3. Grant injunctive and declaratory relief including but not limited to requiring steps necessary to ensure that Abdul Qayyum experiences no further discrimination based on disability during the remainder of his public education within the District;

4. Award Plaintiffs attorney fees and costs;

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**STEVEN GRANBERG ATTORNEY AT LAW, P.A.**

By: _____
GAIL STEWART
Attorney for Plaintiffs
1400 Central, S.E., Suite 3300
Albuquerque, New Mexico 87106-4811
Telephone: 505-244-3779